**Gonzalo R. GALLEGOS, Appellant,**

v.

**Jean F. GALLEGOS, Appellee.**

**No. 04-89-00312-CV.**

Court of Appeals of Texas,
San Antonio.

March 28, 1990.

Humberto G. Garcia, San Antonio, for appellant.

William Dale Gillam, Universal City, for appellee.

Before BUTTS, CHAPA and PEEPLES, JJ.

OPINION

CHAPA, Justice.

This is an appeal from a final decree of divorce. Appellant, Gonzalo R. Gallegos, filed this action seeking a divorce from the appellee, Jean F. Gallegos. The parties reached an agreement as to the division of their estate, except as to the division of appellant's military retirement pay. The trial judge accepted the agreement, made the agreement part of his decree, and divided the retirement pay.

The issues before us are:

1. whether the trial court erred in ordering an award to appellee of an interest in that portion of appellant's military retirement pay which was subjected to a partial defeasance for V.A. Disability benefits; and

2. whether the trial court erred in awarding to appellee an interest in that portion of appellant's military retirement pay which was subjected to a partial defeasance because of appellant's Civil Service employment.

The court awarded appellee an interest in appellant's entire military retirement pay, which allegedly included a portion which had been subjected to partial defeasance for Veterans Military Disability Pay under 38 U.S.C. § 3105 (Supp.1989), and a partial defeasance because of appellant's Civil Service employment under the Dual Compensation Act, 5 U.S.C. § 5532 (1980 & Supp. 1989).

No request for findings of fact and conclusions of law was made. Furthermore, no statement of facts was brought forth.* However, appellant timely filed a motion for new trial seeking a reconsideration of the court's decision. The court overruled the motion. Appellant appeals only that part of the decision awarding the interest in appellant's military retirement pay.

At the time of the hearing of the case, appellant had a gross retirement pay entitlement of $2,386 per month. This was reduced by $335 per month because appellant was receiving $335 per month as V.A. Disability pay. Retired Pay Operations further reduced appellant's entitlement by $704.74 per month because of his civil service employment. As a result, appellant's adjusted entitlement was $1,346.26 per month. Appellant contended that appellee should have been awarded a community interest in appellant's retirement pay on only that portion that remained following the reduction. The trial court's decree, however, clearly indicates that the trial judge divided the entire amount of $2,386. The court found that the community had a 43% interest in appellant's gross military retirement benefits ($2,386) and awarded one-half of the community interest in those benefits to appellee. The court specifically awarded the appellee a 21.5% interest in appellant's gross retirement benefits.

The judgment provides, in relevant part:

* NOTE. In fact, the making of a record was

The parties have consented to the terms of this decree and stipulated it is a contract except as to the provision concerning [appellee's] interest in [appellant's] military retirement benefits which provision was ordered by the court.

\* \* \* \* \* \*

*Provisions Dealing With Division of Military Retirement Benefits*

This cause was called for further hearing on March 30, 1989 at which time the parties appeared in person and by attorneys of record and announced ready. The parties advised the Court of their stipulation of facts necessary for the proper consideration by the court of the pertinent issues concerning the parties' respective interest in [appellant's] military retirement benefits.

The parties stipulated to the following pertinent facts:

. . . . .

5. At the time of the hearing of this cause, [appellant] had a G.R.P.E. (Gross Retirement Pay Entitlement) of $2,386.00 per month.

6. At the time of the hearing of this cause, [appellant] was receiving V.A. Retirement Disability benefits in the amount of $335.00.

7. A copy of a retirement pay stub is attached hereto as Exhibit A & made a part of this decree as if fully set forth herein.

8. At the time of the hearing of the cause, [appellant] was employed by U.S. Government Civil Service of Fort Sam Houston, Texas.

\* \* \* \* \* \*

The Court finds that [appellant's] gross monthly retirement pay from which [appellee's] interest must be determined is $2,386.00. The Court further finds that the community interest in the monthly retirement benefit is forty-three percent (43%). The Court further finds that the forty-three percent (43%) community interest is now equal to a monthly retirement benefit of $1,025.98 and

*waived*—see Final Decree of Divorce at TR. 13).

that [appellee's] present monthly share is $512.99....

IT IS ORDERED AND DECREED that [appellee] shall have judgment against and recover from [appellant] twenty-one and one-half percent (21.5%) of the gross present and future military retirement pay received each month by [appellant] ...

■ In his first point of error, appellant contends that the trial court erred in awarding appellee an interest in that portion of appellant's military retirement pay which was subject to a partial defeasance for V.A. Disability benefits. The issue raised in appellant's first point of error has recently been decided in *Mansell v. Mansell,* — U.S. —, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989).

In *Mansell,* the United States Supreme Court determined whether state courts "may treat, as property divisible upon divorce, military retirement pay waived by the retiree in order to receive veterans' disability benefits." *Mansell,* 109 S.Ct. at 2025. The Court held that the Uniformed Services Former Spouses' Protection Act (the "Act")[1] did not restore authority to the States to determine all types of military retirement pay. The Court concluded that the Act "specifically defines the term 'disposable retired or retainer pay' to exclude, *inter alia,* military retirement pay waived in order to receive veterans' disability payments." *Mansell,* 109 S.Ct. at 2026. As a result, the Court concludes, the Act only granted state courts discretion to divide disposable retired pay; "they have not been granted the authority to treat total retired pay as community property." *Id.;* see 10 U.S.C. § 1408(a)(4)(B) (1983 & 1989 Supp.).

Here, the appellant received V.A. Disability benefits and waived a like portion of his retirement pay. Following the holding of *Mansell,* we hold that state courts do not have the power to treat military retirement pay that has been waived in order to receive V.A. Disability benefits as property

divisible upon divorce. *See Berry v. Berry,* 780 S.W.2d 846, 850–51 (Tex.App.—Dallas 1989[2]) (also holding that the Act does not grant state courts the power to treat, as property divisible upon divorce, military retirement pay that has been waived to receive V.A. Disability benefits). As a result, that portion of appellant's retirement benefit, which was waived by the appellant in order to receive V.A. Disability benefits, was not divisible by the court and doing so was error. Appellant's first point of error is sustained.

■ In his second point of error, appellant contends that the trial court erred in awarding appellee an interest in that portion of appellant's military retirement pay which was subjected to a partial defeasance because of appellant's Civil Service employment. As indicated in *Mansell, supra,* the Act did not restore authority to the States to determine questions of divisibility as to all types of military retirement pay. The Act only granted state courts discretion to divide "disposable retired or retainer pay." *Mansell,* 109 S.Ct. at 2026; *See* 10 U.S.C. § 1408(a)(4)(B) (1983).

10 U.S.C. 1408(c)(1) (1983) provides:

Subject to the limitations of this section, a court may treat *disposable* retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

*Id.* (emphasis added).

10 U.S.C. § 1408(a)(4) (1983) defines disposable retired or retainer pay as follows:

(4) "Disposable retired or retainer pay" means the total monthly retired or retainer pay to which a member is entitled less amounts which—

... (B) are required by law to be and are deducted from the retired or retainer pay of such member, including fines and forfeitures ordered by courts-martial, Federal employment taxes, *and amounts*

---

1. 10 U.S.C. § 1408 (1986 & 1989 Supp.).

2. Two applications for writ of error were filed. C–9458 (Jan. 23, 1990) was denied; C–9839 (Jan. 18, 1990) pending.

*waived in order to receive compensation under title 5 or title 38* ... (emphasis added).

The appellant contends, and we agree, that Section 5532 of Title 5 U.S.C. requires the reduction of a retired officer's retired pay in order for him to receive the full pay of his Civil Service position. As with military retirement benefits, the Act specifically defines the term "disposable retired or retainer pay" to include "amounts waived in order to receive compensation under Title 5...." Following *Mansell*, therefore, we hold that the court was without authority to divide that portion of appellant's retirement pay that was reduced in order for him to receive the full pay of his Civil Service position, as the amount waived in order to receive compensation under 5 U.S.C. § 5532 must first be deducted to determine the "disposable retired or retainer pay." Only after such deductions are made may the court determine what portion of appellant's retirement pay is community property.

■ Nevertheless, appellee contends that in order to claim the statutory deductions, appellant must overcome the presumption that his entire military retirement benefits are community property, that the deductions were not required by law and did not represent compensation paid by statute in the absence of a statement of facts, that there was evidence to support the trial court findings in the absence of a statement of facts, and that the trial court pursued the theory that the net proceeds were divisible, but that appellee was entitled to a greater community share.

Generally, presumptions are in favor of the judgment where there is no statement of facts. However, the record here includes a judgment, an attached pay stub, and findings of fact within the judgment that clearly disclose by simple mathematics that the trial court improperly divided the gross retirement benefits as part of the community estate:

1. The parties stipulated and the court found that the appellant had a gross retirement pay entitlement of $2,386 per month.

2. The parties stipulated that the appellant was receiving V.A. Retirement Disability benefits in the amount of $335 per month.

3. The parties stipulated that the appellant was employed by the U.S. Government Civil Service.

4. A copy of the appellant's retirement pay stub was made a part of the decree and reflected a gross pay amount of $2,386 with a reduction of $335 for "VA" and a deduction of $704.74 for "DUAL."

5. The court found that the community interest in the monthly retirement benefits was 43% and that the community interest was equal to $1,025.98.

6. The court awarded the appellee 21.5% of the "*gross* present and future military retirement pay received" by the appellant, which it determined was equal to $512.99.

Because the court improperly included and divided property not subject to division as part of the community estate, we must reverse. In this context, the Texas Supreme Court in *Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex.1985), held:

The Texas Family Code requires the trial court to 'order a division of the estate of the parties in a manner that the court deems just and right, having due regard of the rights of each party....' Tex.Fam.Code Ann. § 3.63 (Vernon Supp. 1985). The trial court has wide discretion in dividing the 'estate of the parties,' but must confine itself to the community property; the only property subject to division under section 3.63. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex. 1977). Whether the trial court abuses its discretion in dividing the property ... or commits reversible error in defining what property is properly a part of the community estate and therefore subject to division, as in the present case, the principle to be applied is the same. Once reversible error affecting the 'just and right' division of the community estate is found, the court of appeals must remand

the entire community estate for a new division.

*Id.* at 733.

Following *Jacobs,* we must reverse and remand to the trial court for a new division of the community estate.

The judgment of the trial court is reversed and the cause is remanded for a new division of the community estate.

BUTTS, Justice.

This court is addressing a question of family law which apparently has not been considered as yet by our courts. The question is whether the civil service salary paid to a military retiree at the time of the divorce must be deducted from the gross military retirement pay in order to determine what is "disposable" pay. There is no doubt now, after *Mansell v. Mansell,* ── U.S. ──, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), that veterans disability benefits must be deducted from the gross retirement pay. With that holding Texas courts have no problem. *See, e.g., Ex parte Burson,* 615 S.W.2d 192 (Tex.1981); *Ex parte Johnson,* 591 S.W.2d 453 (Tex.1979). Thus, there is no question that the disability benefits from the V.A. must be excluded at the time of the division. In the event that the present petitioner, as recipient of the benefits, is reevaluated at any time as not eligible for those benefits, then the court with continuing jurisdiction should entertain a motion to modify the determination of "disposable" pay. *See* 10 U.S.C. § 1408(c)(1) (1982).

The *Mansell* decision precludes the states from treating as community property the portion of retirement pay which has been waived to receive veterans disability benefits. The court specifically referred to the definition of disposable pay found in § 1408(a)(4)(B):

(4) 'Disposable retired or retainer pay' means the total monthly retired or retainer pay to which a member is entitled ... less amounts which—

(B) are required by law to be and are deducted from the retired or retainer pay of such member, ... Federal employment taxes, and amounts waived in order to receive compensation under title 5 or title 38....

\* \* \* \* \* \*

10 U.S.C. § 1408(a)(4)(B) (1982).

While this procedure bestows on some military retirees the control of what becomes "disposable" pay for purposes of division of community property, it nevertheless follows as a corollary of *Mansell.* Civil service employment and pay is governed by title 5 of the United States Code. Therefore, I reluctantly concur, pointing out at the same time, that any change in the status of "waived" military retirement pay should be brought to the attention of the trial court by motion to modify.

Moreover, when the community estate is divided again on retrial, nothing in this opinion prevents the trial court from considering the size of the parties' separate estates and any differences in their earning capacities, including the disability income and civil service income at issue in this appeal, in making a just and right division. *See Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981).