Donald J. JONES, Appellant,

v.

Gail M. JONES, Appellee.

No. 04–94–00310–CV.

Court of Appeals of Texas,
San Antonio.

March 22, 1995.

Rehearing Denied May 15, 1995.

---

Jeffrey L. Pfeifer, San Antonio, for appellant.

Richard J. Karam, Bill Jolly, Karam, Naranjo, Kruger, Mery & Pina, San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

CHAPA, Chief Justice.

Appellant Donald J. Jones appeals from the trial court's judgment enforcing a divorce decree in favor of appellee, Gail M. Jones. The issue before this court is whether res judicata bars a collateral attack on the trial court's division of appellant's retirement benefits in the initial divorce decree. We hold that under Texas law res judicata bars collateral attack and affirm the judgment.

Appellant and Appellee were married in 1978 and divorced in May 1988. As a result of an agreement of the parties, the court entered the consent decree with the additional stipulation that the decree was a contract between the parties. Because appellant had not yet retired from the service, the court disposed of the military retirement by providing that the appellee have judgment against appellant in the following manner:

> ... if, as, and when retirement is received by DONALD J. JONES, a monthly amount equal to twenty-five percent (25%) of that monthly amount that a retired Major with 20 years service will receive on the date DONALD J. JONES begins to receive his retirement, with the same percentage of any and all costs of living related increases to which DONALD J. JONES shall become entitled for the period begin-

ning on the date of retirement and ending on the death of DONALD J. JONES.

Appellant retired from the U.S. Army on October 31, 1991. At the time of his retirement, appellant was assigned a 40% disability rating, which he accepted in lieu of an equivalent amount of his retirement. The result was that his retirement pay was reduced by an amount of $463.00 per month, which he now contends is not subject to division as a community asset under the prohibitions of the Uniformed Services Former Spouses' Protection Act (USFSPA), enacted on September 8, 1982.[1] However, the 1988 consent divorce decree became final and was not appealed by either party. Appellant's attack on the divorce decree in response to appellee's motion to enforce the divorce decree was therefore a collateral attack on a final and unappealed judgment, thereby raising the issue of res judicata.

In *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), the United States Supreme Court held that the USFSPA barred state courts from treating, as property divisible upon divorce, military retirement pay that has been waived to receive Veterans Administration disability benefits. *Id.* at 594–95, 109 S.Ct. at 2031, 104 L.Ed.2d at 689. The court also explicitly left the question of retroactive application of the USFSPA for state courts to determine under existing state law. *Id.* at 586 n. 5, 109 S.Ct. at 2027 n. 5, 104 L.Ed.2d at 684 n. 5. The court gave retroactive application in *Mansell* based on a determination by the California Court of Appeals that it was appropriate, under California law, to reopen the final settlement order. *Id.* The issue here, however, is whether Texas law permits a similar result or whether res judicata bars a collateral attack on a final divorce decree.

In the absence of findings of fact and conclusions of law, a trial court's judgment will be upheld on any legal theory that finds support in the evidence of the law. *Young v. Kirsch,* 814 S.W.2d 77, 81–82 (Tex. App.—San Antonio 1991, no writ). "A collateral attack on a judgment is an attempt to

---

1. 10 U.S.C.A. § 1408 (1986 & 1989 Supp.)

avoid its binding force in a proceeding not instituted for the purpose of correcting, modifying, or vacating it, but in order to obtain some specific relief against which the judgment stands as a bar." *Hogan v. City of Tyler*, 602 S.W.2d 555, 558 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). As a general rule, the only judgments subject to collateral attack are those which are void and not merely voidable. *Jefferson Sav. & Loan Ass'n v. Adams*, 802 S.W.2d 811, 814 (Tex. App.—San Antonio 1990, writ denied).

In *Berry v. Berry*, 786 S.W.2d 672 (Tex. 1990), an issue similar to the one before us was presented to the Texas Supreme Court. The parties in *Berry* divorced in 1980, and the court entered an order granting the wife twenty-five percent of the gross amount of her husband's Air Force disability retirement pay, which the husband had elected to receive in lieu of military retirement benefits. On June 8, 1987, as a result of a contempt action filed by the wife to enforce the decree, the trial court mandated payment pursuant to an agreed order. On September 1, 1987, the husband waived a portion of the Air Force disability pay in exchange for similar benefits from the Veterans Administration, thus reducing the amount he received from the Air Force. The wife filed a motion to enforce the prior order when the husband reduced the amount he was paying her by the same percentage he was then receiving from the Veterans Administration.

The Texas Supreme Court recognized (1) that the court in *Mansell* had permitted retroactive application of the USFSPA only because the California Court of Appeals had determined it appropriate, under California law, to reopen the final settlement judgment; (2) that the court in *Mansell* explicitly left the question of retroactive application of the USFSPA to state courts; and (3) that unlike California law, under Texas law any attempt to collaterally attack a final divorce decree under these circumstances is barred by res judicata. *Id.* at 673. The court stated:

> This court has held, that, as with other final, unappealed judgments which are regular upon their face, divorce judgments are not vulnerable to collateral attack. *Hardin v. Hardin*, 597 S.W.2d 347, 350 (Tex.

1980). Although a final judgment may be erroneous or voidable, it is not void and thus subject to collateral attack if the court had jurisdiction of the parties and the subject matter. *Humble Oil & Refining Co. v. Fisher*, 152 Tex. 29, 253 S.W.2d 656, 661 (1952). Because the final judgment is voidable as opposed to void, the rule of res judicata would apply. *Segrest v. Segrest*, 649 S.W.2d 610, 613 (Tex.1983).

*Berry*, 786 S.W.2d at 673 (citations omitted).

Similarly, here we have no findings of fact or conclusions of law and a final unappealed divorce decree which the appellant attempted to collaterally attack in response to the motion to enforce the decree. Under Texas law, res judicata bars this collateral attack, and the trial court's judgment should be upheld under this legal theory. *Berry*, 786 S.W.2d at 673; *see Young*, 814 S.W.2d at 81–82.

Appellant insists that our decision in *Gallegos v. Gallegos*, 788 S.W.2d 158 (Tex.App.—San Antonio 1990, no writ), is controlling. In *Gallegos* this court held, under 10 U.S.C. § 1408 and *Mansell*, that the trial court committed reversible error in dividing appellant's military retirement benefits, which included retirement pay waived in order to receive veterans' disability payments. *Id.* at 161. However, *Gallegos* is clearly distinguishable. *Gallegos* was a direct appeal from a divorce decree which was timely brought to contest that part of the trial court's award that included disability retirement pay. The instant case is an appeal of an enforcement order of a final divorce decree and thus a collateral attack on a final unappealed divorce decree.

Reading the record as a whole, we find no error in the trial court's enforcement of the original final and unappealed divorce decree, as alleged by the appellant.

The judgment is affirmed.