# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00090-CV

### In the Interest of T.G., D.G., A.G., K.G. and S.G.

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. 466,087, HONORABLE ANGELITA MENDOZA WATERHOUSE,
TITLE IV-D MASTER PRESIDING**

Appellant George Gage appeals from the court master=s confirmation that he owes Savannah Gage $35,714.61 in unpaid child support for their five now-grown children. He complains on appeal that the court master erred by failing to rule on certain motions. He also contends that the court master should have dismissed the motion to confirm because it was filed after the court lost jurisdiction, that laches and estoppel bar the motion, and that the divorce decree does not support requiring these payments. We will affirm the judgment.

### BACKGROUND

The Gages were divorced by decree signed August 8, 1989. The decree recites that they are parents of five children: T.G., born May 3, 1972; D.G., born July 26, 1974; K.G., born May 18, 1977; A.G., born August 27, 1979; and S.G., born December 7, 1982. The court ordered appellant to pay $200 in monthly child support until

the date of the earliest occurrence of one of the following events:

1. Any child reaches the age of 18 years, provided that if the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, the periodic child-support payments shall continue to be due and paid until the end of the school year in which the child graduates;

2. Any child marries;

3. Any child dies;

4. Any child=s disabilities are otherwise removed for general purposes;

5. The children are otherwise emancipated;

6. Further order modifying this child support.

The youngest child=s eighteenth birthday was December 7, 2000, and the standard progression would make her high school graduation expected in May 2001.

In October 1994, the court confirmed that appellant was $12,323.07 in arrears on child support. The court ordered appellant=s employers to withhold up to $250 per month from his pay until February 1, 2004. The withholding would be credited $200 for current child support and $50 for arrearages until May 2001. Thereafter, the entire amount withheld would be credited against remaining arrearages.

2

The children=s mother filed this motion to confirm arrearages on August 7, 2001, attaching to her motion a report from the attorney general on appellant=s payment history. According to the report, appellant made some payments in 1995-1997, but did not regularly make the required payment. The report indicates a total of $35,491.75 past due child support owed as of August 6, 2001.

Citing his imprisonment, appellant filed motions for continuance of the September 12, 2001 hearing date; he later requested a bench warrant or a hearing by conference call. The court master held a hearing on the motion to confirm on October 31, 2001. The judgment recites that appellant Adid not appear but was represented by Alfredia Miller, pursuant to a power of attorney.@ The court master confirmed that appellant owed $35,714.61 in overdue child support payments and interest thereon.[1]

Appellant filed several documents after the judgment date. He filed a motion to dismiss and a letter requesting appointment of an attorney ad litem on November 6, 2001; the trial court=s docket sheet notes that the letter was dated October 24, 2001. In response to the judgment, appellant filed a motion for new trial, a request for findings of fact and conclusions of law, and a notice of past due findings of fact and conclusions of law. The court master never expressly ruled on any of these motions and did not prepare findings of fact or conclusions of law.

Appellant then filed this appeal.

---

[1] The report indicated interest accruing on the arrearages at the rate of $222.86 per month in 2001. The amount confirmed ($35,714.61) is equal to the arrearages reported on August 6, 2001 ($35,491.75) plus one month of interest ($222.86).

## DISCUSSION

Appellant complains about many acts and omissions by the court master. He complains that the court master failed to rule on his motions, that the court lacked jurisdiction because the motion for confirmation was filed too late, that this proceeding was barred by laches and estoppel, and that the divorce decree did not impose the obligations found.

**Did the court err by failing to rule on motions?**

Appellant contends that the court=s failure to rule on his motions denied him a meaningful opportunity to be heard. Appellant refers to the trial court docket sheet to list the motions that he complains the court neglected. Listed there are motions for continuance, dismissal, appointment of an attorney, and for making of findings of fact and conclusions of law. We find that appellant has not shown that the court=s failure to rule expressly on these motions denied him the opportunity to be heard.[2]

Appellant has not shown any harm from the failure to rule expressly on his motions for continuance. After he filed his motions for continuance, the court delayed the hearing from September 12, 2001 until October 31, 2001. Because appellant requested a sixty-day delay, the court implicitly denied his

---

[2] Appellant complains that the court failed to provide him with a copy of the judgment in this case, hampering his ability to present his appeal. Nevertheless, appellant timely perfected his appeal, and attached the October 2001 judgment for child-support arrearage as Exhibit C to his brief. Any failure to provide appellant the judgment did not prevent him from getting a copy or timely appealing.

4

request in part by holding the final hearing before sixty days elapsed. There is an indication in the briefs that appellant granted Alfredia Miller power of attorney to attend the hearing on his behalf and request a continuanceCa request that was denied. Miller then apparently participated in the hearing and signed the judgment on his behalf. Appellant does not show any evidence or argument suppressed by the court master=s refusal to delay the hearing further. Nor does he show how the refusal probably caused the rendition of an improper judgment or probably prevented him from properly presenting this appeal to us; thus, he has not shown reversible error. *See* Tex. R. App. P. 44.1(a).

Similarly, appellant has shown no harm from the failure to rule expressly on his motion to dismiss. The court did not rule on the motion at the hearing because the motion, dated October 30, 2001, was not filed until November 6, 2001. Appellant has presented his dismissal arguments to this Court. We will consider those contentions on appeal. The failure to rule expressly did not prevent him from presenting those claims to this Court.

The court master also implicitly denied the motion for appointment of an attorney ad litem for appellant by holding the hearing without appointing an attorney. Motions to confirm arrearages are not among the situations in which courts are required to appoint attorneys ad litem for parents. *See* Tex. Fam. Code Ann. ' 107.013 (West 2002). Nor does appellant point to any law requiring such appointment. He also indicates that the court master=s inaction prevented him from having meaningful access to the court because he was not able to participate in the hearing. But inmates are not guaranteed the right to appear in person in civil causes if they can participate meaningfully by affidavit, deposition, telephone, or other means. *See Byrd v. Attorney General,* 877 S.W.2d 566, 569 (Tex. App.CBeaumont 1994, no writ). Appellant

5

does not urge on appeal that he should have been allowed to appear personally or by telephone, does not allege how the court prevented him from participating by affidavit or deposition, and does not allege or show how such participation would not have been meaningful. He has participated at trial and here by filing documents. He did not make an evidentiary-based argument below (*e.g.*, that he made uncredited payments) and does not show that he could not have done so through documentary evidence. The court master was not required to appoint an attorney for him, and appellant has not shown that the failure to do so prevented him from presenting his case.

Finally, the court master=s failure to file findings of fact and conclusions of law despite appellant=s request and reminder is harmless. A trial court=s failure to make requested findings of fact and conclusions of law after timely reminder is harmful error unless Athe record before the appellate court affirmatively shows that the complaining party suffered no injury.@ *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). The record shows that this proceeding was intended to confirm the amount of child support appellant owes. The court master=s judgment plainly sets out the basis for the award (an order that he pay and his failure to pay), the total amount owed, and the amount of the monthly payment due. Appellant has challenged whether the original decree supports this award. We find no injury to appellant in the court=s failure to incorporate its findings and conclusions into a separate document entitled Afindings and conclusions.@

**Did the court have jurisdiction?**

Appellant contends that the court master erred by not dismissing this case because the children=s age deprived the court of jurisdiction. Appellant contends that Texas Family Code section

6

157.005(b) bars the court from hearing any action brought more than four years after the date a child becomes an adult or on which the child support obligation terminates. Appellant, however, relies on the language of the statute before it was amended in 1999, two years before this action was filed. *See* Act of April 6, 1995, 74th Leg., R.S., ch. 20, ' 1, sec. 157.005(b), 1995 Tex. Gen. Laws 113, 177, *amended by* Act of May 27, 1999, 76th Leg., R.S., ch. 556, ' 15, 1999 Tex. Gen. Laws 3058, 3062.

Arrearages now may be confirmed Auntil the date all current child support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid.@ Tex. Fam. Code Ann. ' 157.005(b) (West 2002). The current statute permits confirmation of arrearages for as long as the arrearages exist, even for children regarding whom arrearages could not have been confirmed in 1999 before the statute was amended. *See In re S.C.S.*, 48 S.W.3d 831, 833-35 (Tex. App.CHouston [14th Dist.] 2001, pet. denied); *see also In re A.D.*, 73 S.W.3d 244, 249 (Tex. 2002). Because the statute is jurisdictional, not limitational, the 1999 amendment conferred jurisdiction without removing a vested defense. *See S.C.S.*, 48 S.W.3d at 833-34; *see also A.D.*, 73 S.W.3d at 249. The court master did not err by refusing to dismiss this motion to confirm arrearages based on the children=s ages.

**Is the motion to confirm barred by laches and estoppel?**

Appellant complains that the court master erred by not granting his motion for new trial and to dismiss because Savannah Gage was barred by laches and estoppel from seeking to confirm the arrearages after all the children turned eighteen. He contends that this confirmation proceeding is part of a conspiracy among Savannah Gage, their eldest daughter, and the daughter=s lawyer to raid appellant=s

7

parents= estate.  He notes that none of the children are minors or get support from Savannah Gage, and contends that her motion to confirm past due child support is a pretext for depriving him of his inheritance.

Appellant=s allegations do not square with the record.  Savannah Gage is not seeking support for the adult children, but for the period when they were in her care as minors and appellant was bound to pay $200 per month for their support.  Nor is this her first motion for confirmation of child-support debt.  In 1994, after five years under the decree, she obtained a confirmation of his debt.  Nor does he show how alleged malfeasance by his daughter regarding his parents= estate absolves him of his failure to honor his child-support obligation; allegations regarding the estate are more properly brought in a proceeding regarding the estate.

The court master properly rejected appellant=s assertion that Savanna Gage=s claim is barred by laches.  AIn order to prevail on a claim of laches, a party must show (1) there was an unreasonable delay by the other party in asserting a legal or equitable right, and (2) the party asserting laches made a good faith change in position to his detriment because of the delay.@ *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998).  After the court confirmed his debt in 1994, appellant made some payments during the next three years, but then made no payments over the last three years of his obligation.  Savannah Gage sought confirmation of the debt eight months after the last child turned eighteen and the principal of the debt stopped accruing.  The amendment of the confirmation statute to permit jurisdiction over confirmation so long as a debt exists indicates a long period of reasonableness to bring a confirmation motion.  *See* Tex. Fam. Code Ann. ' 157.005(b).  Not only is there no unreasonable delay, appellant has

not alleged how he in good faith detrimentally changed his position because Savannah Gage failed to seek confirmation of his debt sooner.

Appellant=s estoppel claim also fails. A party asserting estoppel must establish that someone made a false representation or concealment of material facts, with knowledge (actual or constructive) of those facts, with the intention that a party without knowledge or the means of knowledge of those facts should act on the statement, and that the party to whom it was made relied or acted on it to his prejudice. *Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952); *LaRue v. LaRue*, 832 S.W.2d 387, 392 (Tex. App.CTyler 1992, no writ). Appellant did not allege that Savannah Gage made any misleading statement or concealment about the unpaid child support; his complaint that all the children are grown is apparent from the face of the record and is neither concealed nor misrepresented. Further, he did not allege how he detrimentally relied on any statement or concealment regarding his child-support debt.

Finding no allegation or support in the record for necessary elements of appellant=s laches and estoppel claims, we conclude that the court master did not err by failing to grant appellant=s motions to dismiss and for new trial on these bases.

**Does the decree support the arrearage confirmed?**

Appellant contends that the 1989 decree does not support the accumulation of arrearages. He notes that the decree required him to pay $200 monthly child support Auntil the date of the earliest occurrence of one of the following events: 1. Any child reaches the age of 18 years . . . .@ He contends that his obligation to pay ceased on May 3, 1990, when the eldest child turned eighteen. Appellant=s argument ignores the parties= conduct since the signing of the decree and, more critically, ignores the 1994

9

orders confirming arrearages and requiring withholding of wages.       Until the contest of this motion to confirm, the record indicates that appellant, Savannah Gage, the State, and the courts have interpreted the language of the decree to mean that appellant=s child-support obligation lasted through the youngest child=s graduation from high school. In 1994, the court confirmed arrearages that accumulated from 1989 through 1994. Appellant did not appeal that order. From 1995 through 1997, appellant made payments that were applied to both current support obligations and arrearages. All parties proceeded as if the $200 per month obligation persisted beyond 1990. The current motion to confirm is based on child support accruing until 2001.

Appellant=s failure to appeal the 1994 orders prevents him from complaining about the duration of his obligation in this appeal. A judgment containing orders for future child support obligations must be appealed in the same manner as any other final judgment. *See In re Marriage of Vogel*, 885 S.W.2d 648, 650-51 (Tex. App.CAmarillo 1994, writ denied); *see also Davis v. Boone*, 786 S.W.2d 85, 87 (Tex. App.CSan Antonio 1990, no writ). Notices of appeal are due (including maximum extension of the time period) no later than 105 days after judgment is signed. *See* Tex. R. App. P. 26 (formerly Tex. R. App. P. 41). An attempt to avoid or seek relief from the provisions of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment is a collateral attack on the judgment. *Jones v. Jones*, 900 S.W.2d 786, 787-88 (Tex. App.CSan Antonio 1995, writ denied). Judgments are subject to collateral attack if they are void, not merely voidable or erroneous. *See id*. at 788; *see also Heard v. State*, 204 S.W.2d 344, 346 (Tex. 1947). A judgment is void only when the court rendering the judgment did not have jurisdiction over the parties, jurisdiction over the subject matter,

10

jurisdiction to enter the judgment, or capacity to act as a court. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). If a final judgment is based on erroneous holdings as to substantive law, it is not void, but merely voidable, and cannot be collaterally attacked. *See id.*; *Berry v. Berry*, 786 S.W.2d 672, 673 (Tex. 1990); *Shoberg v. Shoberg*, 830 S.W.2d 149, 152 (Tex. App.CHouston [14th Dist.] 1992, no writ). Appellant did not attack the 1994 order by direct appeal, writ of error, or bill of review. It is final, and appellant has not shown that the court lacked jurisdiction or the capacity to act.

The child-support debt confirmed is supported by the obligations imposed by the 1994 orders, regardless of any deficiencies in the 1989 decree. The order confirming the debt owed in 1994 is not void and is no longer appealable. The order that $250 per month be withheld through February 1, 2004Cincluding $200 in child support through May 2001 with the balance dedicated to payment of child-support arrearagesCis not void and is no longer appealable. Appellant cannot successfully challenge orders that are not void more than six years after they become final.

## CONCLUSION

Having resolved all issues on appeal in favor of the judgment, we affirm the judgment.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

11

Filed:   December 12, 2002

Do Not Publish