Opinion issued January 12, 2006


















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00380-CV




CHRISTOPHER JOSEPH LORIA, Appellant

V.

SANDRA SULLIVAN LORIA, Appellee




On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 04FD0897




O P I N I O N
          Appellee, Sandra Loria, filed for divorce from appellant, Christopher Loria. 
At the hearing on the divorce, a dispute arose as to certain language in the Domestic
Relations Order (“DRO”) and the Final Decree of Divorce (“Decree”) regarding
appellant’s military retirement pay. The trial court entered judgment on the DRO and
Decree, retaining the objected-to language. In his sole issue,


 appellant argues that
the trial court erred in retaining the language in the DRO and Decree because they
have the effect of dividing his disability benefits in violation of federal statutory law. 
We reverse and remand.
BACKGROUND
          At the hearing, appellant objected to the inclusion in the DRO of the following
language:
15. This Member agrees not to merge the Member’s disposable
retirement pay with any other pension and not to pursue any course of
action that would defeat Former Spouse’s right to receive a portion of
the disposable retired pay of Member. Member agrees not to take any
action by merger so as to cause a limitation in the amount of the total
disposable retired pay in which Member has a vested interest and,
therefore, Member will not cause a limitation of Former Spouse’s
entitlement as described above. Member agrees to indemnify Former
Spouse for any breach of this paragraph as follows:
 
If Member becomes employed or otherwise has his entitlement to
military retirement pay merged, which employment or other condition 
causes a merger of member’s disposable retirement pay, Member will
pay, or cause to be paid, directly to Former Spouse a monthly amount
equal to the amount provided in paragraphs 5 et seq. above, under the
same terms and conditions as if those payments were made pursuant to
the terms of the Order.” (Emphasis added).
 
17. For purposes of interpreting this Order, “military retirement”
includes disposable retired pay to which Member would be entitled to
for longevity of active service duty and/or reserve component military
service and all payments paid or payable under the provisions of
Chapter 38 or Chapter 61 of Title 10 of the United States Code, before
any statutory, regulatory or elective deductions are applied. It also
includes all amounts of retired pay Member actually or constructively
waives or forfeits in any manner and for any reason or purpose,
including, but not limited to, any waiver made in order to qualify for
Veteran’s Administration benefits. It also includes any sum taken by
Member in addition to or in lieu of retirement benefits, but not limited
to, voluntary separation incentive pay, or special separation benefits. 
(Emphasis added).

          Appellant further objected to this language in the Decree:
 
“IT IS ORDERED AND DECREED that CHRISTOPHER JOSEPH
LORIA shall not merge his military retired pay with any other pension
and shall not pursue any course of action that would defeat, reduce, or
limit SANDRA SULLIVAN LORIA’S right to receive SANDRA
SULLIVAN LORIA’s full separate-property share of CHRISTOPHER
JOSEPH LORIA’s retired pay as awarded in this decree. (Emphasis
added).

          After hearing argument and testimony concerning, inter alia, the division of
appellant’s military retirement pay, the trial court elected to keep the objected-to
language, and appellant’s trial counsel consequently refused to sign those documents. 
Appellant timely filed this appeal.
DISCUSSION
 
          Appellant’s sole issue is that the language in the Decree and the DRO has the
impermissible effect of dividing his military disability benefits. The resolution of this
case turns on the United States Supreme Court’s interpretation of federal statutory
law. In Mansell v. Mansell, the Supreme Court held that the Uniformed Services
Former Spouses’ Protection Act (“USFSPA”) did not give state courts authority to
treat total military retirement pay as community property, but rather, gave them the
authority to treat disposable retirement pay as community property. 490 U.S. 581,
583, 109 S. Ct. 2023, 2025 (1989). The USFSPA expressly excluded from the
definition of disposable retirement pay veteran’s disability pay, thereby preempting
state courts’ inclusion of disability pay in the community property award.
          The problem that arises is this: to prevent double-dipping, a military retiree
who elects to receive disability pay must waive a corresponding amount of his
military retirement pay. 38 U.S.C. § 3105; Mansell, 490 U.S. at 583, 109 S. Ct. at
2026. Because disability pay is exempted from federal, state, and local taxation, it
is not surprising that many military retirees elect to waive a portion of their retirement
pay in order to receive disability pay, thereby increasing their income by avoiding
these taxes.


 See § 3101(a) (exempting disability pay from taxation); Mansell, 490
U.S. at 583, 109 S. Ct. at 2026.
          The Texas Supreme Court has recognized that a servicemember has the right,
by federal law, to waive military retirement pay for disability pay, even though this
means that the servicemember can effectively unilaterally modify a divorce decree
insofar as it allocates income attributable to prior military service. Ex parte Burson,
615 S.W.2d 192, 195–96 (Tex. 1981). Texas appellate courts, in the wake of
Mansell, have also consistently held that trial courts do not have the authority to
divide military retirement pay waived for disability pay. In re Reinauer, 946 S.W.2d
853, 857 (Tex. App.—Amarillo 1997, writ den’d); Wallace v. Fuller, 832 S.W.2d
714, 718 (Tex. App.—Austin 1992, no writ); Gallegos v. Gallegos, 788 S.W.2d 158,
160 (Tex. App.—San Antonio 1990, no writ). 
          In the instant case, the objected to language in the Decree and DRO—i.e., 
Member agrees not to take any action by merger so as to cause a limitation in the
amount of the total disposable retired pay in which member has a vested
interest—has the impermissible effect of precluding appellant from choosing, as is
his right, to waive a portion of his retirement pay for disability. Appellee is still
entitled to the agreed upon percentage of retirement pay the Decree and DRO
establish. However, decisions of both the United States Supreme Court and our
supreme court make the decree as presently worded impermissible because the
wording affects the total amount. 
          Accordingly, we sustain appellant’s point of error. 
                                                      CONCLUSION
          We reverse the judgment of the trial court, and remand for modification of the
decree and Domestic Relations Order consistent with this opinion.
 
 
                                                             Sam Nuchia
 Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.