In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-11-00657-CV**
_____

**IN THE INTEREST OF M.E.M. and M.M.M.**

_____

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CV57731**

_____

**MEMORANDUM OPINION**

Margaret Ann Moody appeals the trial court's order terminating Terry Don Moody's obligation to make monthly payments to Margaret toward his adult children's college education expenses.

## I. FACTUAL BACKGROUND

Margaret and Terry were divorced in 1996. They had two children together, M.E.M., who was seven years old at the time of the divorce, and M.M.M., who was three years old at the time of the divorce. As a result of an agreement between the parties, the court entered an agreed divorce decree appointing Margaret the sole

1

managing conservator of the children, and Terry as possessory conservator. The decree provided that Terry was to pay child support for the two children of the marriage. The decree contained a separate provision under the subtitle, "Additional Child Support Obligation for Education Beyond High School," whereby after the children completed high school, if either child pursued a higher education, Terry would provide additional support to Margaret to defray those expenses. According to the decree, Margaret would apply these funds towards the costs of providing a higher education for each child so enrolled. The parties also stipulated that the decree is a contract, except with regard to the parent-child provisions. Both Margaret and Terry approved and consented to both the form and substance of the decree. No appeal was taken from the original agreed divorce decree.

In August 1999, Margaret and Terry agreed to a modification of the original agreed divorce decree, resulting in Terry agreeing to pay an increased amount of child support until the children's 18th birthday or their graduation from high school. The agreed modification order stipulated "that all other terms and provisions of the Agreed Final Decree of Divorce signed February 9, 1996, including, but not limited to all obligations identified as additional child support shall remain in full force and effect." Both Margaret and Terry consented to the

2

form and content of this modification order. No appeal was taken from the modification order.

Terry filed a petition to modify the parent-child relationship, seeking, among other things, to terminate "support payments[,]" "which applies to child support after 18 and graduation." Terry later amended his petition to modify to include a request for declaratory judgment. Terry sought a finding that the provision in the original decree ordering Terry to make payments to Margaret beyond the children's 18th birthdays and subsequent to their graduation from high school was unenforceable.

The trial court entered an order titled, "Order Terminating Child Support Beyond Eighteen and Graduation from High School[,]" that forms the basis of this appeal. The order terminates Terry's obligation "to pay child support for [M.E.M. and M.M.M.] beyond the age of 18 years and graduation from high school[.]" Margaret filed a motion for new trial, which the trial court denied. Margaret appealed.

On appeal, Margaret argues that the trial court abused its discretion when it granted Terry's petition to modify and request for declaratory judgment because the evidence is legally insufficient to support the trial court's judgment. For the reasons discussed below, we reverse the trial court's order.

## II. DECLARATORY JUDGMENT

In his request for declaratory judgment, Terry contends that the Texas Family Code does not support the original divorce decree's provision ordering him to pay college expenses for his children after they reach age 18 or graduate from high school. Terry argues, therefore, that the provision in the 1996 decree was unenforceable. He challenges the validity of the section of the decree titled, "Additional Child Support Obligation for Education Beyond High School," which provides, "that [Terry] has agreed, and IT IS THEREFORE ORDERED AND DECREED, that [Terry] shall pay to [Margaret], the amount of $845.00 per month, for so long as any child is enrolled in a college . . . not to exceed a period of five years per child." We conclude that Terry's request for declaratory judgment is an impermissible collateral attack of the original divorce decree.

A collateral attack on a judgment is an attempt to avoid the binding effects of provisions of a judgment, in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment. *Jones v. Jones*, 900 S.W.2d 786, 787-88 (Tex. App.—San Antonio 1995, writ denied) (quoting *Hogan v. City of Tyler*, 602 S.W.2d 555, 558 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.). "A direct attack--such as an appeal, a motion for new trial, or a bill of review--attempts to correct, amend, modify or vacate a judgment and must be brought

4

within a definite time period after the judgment's rendition." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). Judgments are subject to collateral attack if they are void, but not if they are merely voidable or erroneous. *See Jones*, 900 S.W.2d at 788. A judgment is void only when the court rendering the judgment did not have jurisdiction over the parties, jurisdiction over the subject matter, jurisdiction to enter the judgment, or the capacity to act as a court. *PNS Stores*, 379 S.W.3d at 272 (quoting *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). If a final judgment is based on erroneous holdings as to substantive law, it is not void, but merely voidable, and cannot be collaterally attacked. *See Cook,* 733 S.W.2d at 140; *see also Berry v. Berry*, 786 S.W.2d 672, 673 (Tex. 1990).

Terry did not attack the 1996 decree by direct appeal, writ of error, or bill of review. Terry has not shown that the court lacked jurisdiction or the capacity to act when it entered the original agreed divorce decree. His request for declaratory judgment is based solely on his argument that the decree's provision stems from an erroneous application of the substantive law; therefore, even if he were correct, and the provision at issue in the 1996 agreed decree was unenforceable, the decree would not be void, but only voidable. *See Cook,* 733 S.W.2d at 140; *see also Berry,* 786 S.W.2d at 673. We conclude that Terry's request for declaratory

5

judgment was an improper attempt to collaterally attack the 1996 divorce decree. *See In re D.S.*, 76 S.W.3d 512, 517-19 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *In re Marriage of Williams*, 998 S.W.2d 724, 727-28 (Tex. App.—Amarillo 1999, no pet.); *In re Marriage of Vogel*, 885 S.W.2d 648, 650-51 (Tex. App.—Amarillo 1994, writ denied).

## III. PETITION TO MODIFY

On appeal, Margaret also argues that the trial court abused its discretion in modifying the original divorce decree to nullify the college tuition provision. Terry filed a petition to modify the original agreed divorce decree, alleging that his obligation to pay all support ended when his children reached the age of 18 and graduated from high school. The trial court granted Terry's request, modifying the original decree, ending Terry's obligation to pay under the divorce decree.

We review an order modifying a divorce decree for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *see also In re J.E.P.*, 49 S.W.3d 380, 386 (Tex. App.—Fort Worth 2000, no pet.). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court also abuses its discretion if it misapplies the law to established facts. *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975). We will reverse the trial court's

modification order only when it appears from the record as a whole that the trial court abused its discretion. *See In re D.S.*, 76 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).

A. Effect of the 1999 Agreed Modification Order on the Parties' Contractual Agreement

The trial court found no basis to enforce the payments beyond age 18 and graduation from high school. Margaret argues the trial court abused its discretion in terminating Terry's obligation to pay for the children's college tuition because this obligation was based on a contractual agreement between the parties. In support of her position, she relies on the provision in the decree which states, "The parties have consented to the terms of this decree and stipulated that it is a contract, except with regard to the parent-child provisions." However, the trial court found that Margaret's filing of the August 1999 motion to modify amounted to "an adversarial effort[,] which terminated any previously existing contractual provisions governing an initial agreement concerning child support." We disagree.

When an order modifies a prior child support order, it only supersedes the prior order "to the extent a modification is ordered." *In re Clark*, No. 10-03-00037-CV, 2004 WL 1632768, at *5 (Tex. App.—Waco July 21, 2004, orig. proceeding)

7

(mem. op.); *see also In re W.M.R.*, No. 02-11-00283-CV, 2012 WL 5356275, at *3 (Tex. App.—Fort Worth Nov. 1, 2012, no pet.) (mem. op.); *Office of the Attorney Gen. of Tex. v. Wilson*, 24 S.W.3d 902, 906 (Tex. App.—Dallas 2000, no pet.). Here, the modification order only modified the amount of Terry's monthly child support obligation and did not modify any other provision in the original decree of divorce. There is no indication in the modification order that the parties intended to modify any portion of the original divorce decree other than Terry's statutory child support obligation. There is support in the modification order that the parties intended to preserve Terry's obligation regarding his daughters' college tuition. The modification order specifically states, "that all other terms and provisions of the Agreed Final Decree of Divorce signed February 9, 1996, including, but not limited to all obligations identified as additional child support shall remain in full force and effect." The provision Terry challenges is subtitled, "Additional Child Support Obligation for Education Beyond High School." A plain reading of the trial court's modification order supports that it only modified certain provisions in the decree. Nothing in the modification order modifies the provisions the parties put in place to pay for their children's education after they graduated from high school or turned 18. We conclude the trial court erred in finding that the 1999 motion to modify terminated that provision.

8

B. Trial Court's Authority to Modify the Agreed Divorce Decree

The issue we must next resolve is whether the trial court had authority to modify the provision in the agreed divorce decree creating Terry's obligation to help pay the college tuitions of M.E.M. and M.M.M. Section 156.001 of the Family Code limits a trial court's authority to modify a final decree by providing that "[a] court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child." *See* Tex. Fam. Code Ann. § 156.001 (West 2008). The provision at issue here states,

> The Court finds that [Terry] has agreed, and IT IS THEREFORE ORDERED AND DECREED, that [Terry] shall pay to [Margaret], the amount of $845.00 per month, for so long as any child is enrolled in a college or university, technical, vocational, or business school not to exceed a period of five years per child. Such funds shall be applied by [Margaret] toward the costs of providing higher education for each child enrolled.

This provision clearly does not relate to conservatorship, possession, or access to a child. In contrast with his statutory child support obligations, which require Terry to provide financial support for the basic needs of his minor children, the college-tuition provision, by its express language, is a provision solely to provide for the college education of Terry's adult children. We conclude the college tuition provision of the agreed divorce decree is not something the trial court could have

9

ordered without the agreement of the parties. *See id.* § 154.001. Accordingly, we hold the trial court had no authority to modify this provision after the agreed judgment became final. *See id.* § 156.001.

The writing at issue here is an agreed decree. An agreed decree is a consent judgment and thus has the same degree of finality and binding force as a judgment rendered by the court at the conclusion of an adversary proceeding. *See McCray v. McCray*, 584 S.W.2d 279, 281 (Tex. 1979) (citing *Pollard v. Steffens*, 343 S.W.2d 234, 239 (1961)). Without the consent of the parties, the trial court cannot modify or set aside a provision of the agreement except for fraud, accident, or mutual mistake of fact. *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 161-162 (Tex. App.—Dallas 2008, no pet.); *Schwartz v. Schwartz*, 247 S.W.3d 804, 806 (Tex. App.—Dallas 2008, no pet.). Terry has not alleged the decree resulted from any fraud, accident, or mutual mistake of fact. Terry did not file a direct appeal from the agreed divorce decree, nor has he shown the trial court lacked jurisdiction or capacity to act, therefore; the agreed decree is final. *See PNS Stores*, 379 S.W.3d at 272. Accordingly, we conclude the trial court abused its discretion in modifying the agreed divorce decree and we reverse and render judgment setting aside the trial court's order of September 1, 2011.

REVERSED AND RENDERED.

_____
CHARLES KREGER
Justice

Submitted on October 4, 2012
Opinion Delivered February 28, 2013

Before Gaultney, Kreger, and Horton, JJ.

11