Bonita Edna BERRY, Appellant,

v.

Eugene BERRY, Appellee.

No. 05-88-00884-CV.

Court of Appeals of Texas, Dallas.

Oct. 27, 1989.

Rehearing Denied Dec. 1, 1989.

Katherine A. Kinser, Fort Worth, for appellant.

John W. Lodewick, Dallas, for appellee.

Before HOWELL, LAGARDE and WHITTINGTON, JJ.

## OPINION ON MOTION FOR REHEARING

LAGARDE, Justice.

Eugene Berry's (Husband) second motion for rehearing is granted. We withdraw our original opinion dated May 17, 1989, and our opinion on rehearing dated August 1, 1989. The following is now our opinion.

Bonita Edna Berry (Wife)[1] appeals from the trial court's adverse order which, in effect, computes her previously awarded twenty-five percent of Husband's *gross* Air Force disability retirement pay on $1,058 instead of $2,422 per month. We overrule Wife's point of error and affirm the trial court's order.

In a sole point of error with six subpoints, Wife claims that the trial court erred in overruling her "First Amended Motion to Enforce Prior Order" and "Motion to Enforce Agreement Incident to Divorce" because she is entitled to: (1) enforce the clear language of the divorce decree and "Agreement Incident to Divorce"; (2) enforce the trial court's "Agreed Order on Motion for Contempt, Motion for Enforcement, and Motion to Compel"; (3) enforce the contract between Husband and Wife entitled "Agreement Incident to Divorce"; (4) liquidated damages in the sum of $100,000 pursuant to the "Agreement Incident to Divorce"; (5) judgment against Husband for her reasonable and necessary attorney's fees through the trial of this case; and (6) attorney's fees on appeal in the amount of $3000 in accordance with the trial court's judgment.

The divorce between Husband and Wife became final on February 14, 1980. At that time, the parties entered into a consent decree and "Agreement Incident to Divorce." Both the decree and the agreement required Husband to pay Wife twenty-five percent of his *gross* Air Force disability retirement pay prior to any deductions. The agreement stated, in pertinent part:

> The parties agree that husband's Air Force Disability Pay ("Retirement Pay") is Community Property of husband and wife and that said Retirement Pay is adjusted semi-annually proportionate to fluctuations in the Consumer Price Index published by the United States Department of Labor. It is agreed that husband shall receive monthly seventy-five percent (75%) of said Retirement Pay and Wife shall receive monthly twenty-five percent (25%) of said Retirement Pay computed before deductions of any kind.
>
> \*   \*   \*   \*   \*   \*
>
> Husband shall execute: (a) irrevocable instructions to the United States Air Force (and/or to any other appropriate authority) to pay one hundred percent of said retirement pay to First City Bank, Farmers Branch, Texas, to be credited to Account No. 024448–3, and (b) *irrevocable instructions to said Bank to disburse to Wife monthly, as received, at a bank or other address of her choice, twenty-five percent (25%) of said Retirement Pay computed on the gross amount thereof before any deductions.*

(Emphasis added.)

In 1987, after Husband had failed to pay as required by the decree and agreement, Wife filed motions for contempt and enforcement seeking the past due payments. On June 8, 1987, the trial court specifically found that Husband had failed to pay Wife twenty-five percent of the gross amount of his Air Force disability retirement pay, and entered an agreed order on the contempt and enforcement motions.

Subsequently, Husband elected to receive $1,355 of his retirement benefits in the form of a tax exempt Veterans' Administration (VA) benefit. As a result of this

1. Bonita Edna Berry is now Bonita Edna Berry Clark.

election, Husband could receive tax benefits and priority medical services, and his present wife would receive a small annuity after his death. As testimony in the trial court revealed, Husband also believed that the election would reduce the amount of his Air Force disability retirement pay, thereby reducing the amount of money that he owed each month to Wife. Consequently, beginning in September 1987, Husband paid Wife her twenty-five percent computed on a net amount of $1,058 which remained after the amount of $1,355 in VA benefits and an A.L.M.T.[2] reduction of $9 were subtracted from the gross amount of $2,422. After Husband paid the reduced amount for more than ninety consecutive days, Wife filed an amended motion to enforce the decree and agreement, from which adverse ruling thereon she now appeals.

Before addressing Wife's point of error, we must first consider Husband's assertion that Wife has failed to challenge the trial court's finding of fact that Husband continued to pay Wife an amount equal to twenty-five percent of his Air Force disability retirement pay. Husband argues that Wife is bound by the finding since she has not challenged it by an appropriate point of error. *See Cortez v. Cortez,* 457 S.W.2d 131, 132–33 (Tex.Civ.App.—San Antonio 1970, no writ). We disagree with this contention.

■ It is the appellant's burden to designate, in proper assignments of error and in arguments and authorities in the brief, the particular errors relied upon for reversal. *Larrumbide v. Doctor's Health Facilities,* 734 S.W.2d 685, 687 (Tex.App.—Dallas 1987, writ denied). However, this Court must consider not only any issue raised by a point of error but also any issue reasonably apparent from the point of error or the argument supporting it. *Id.* at 688; *see Fambrough v. Wagley,* 140 Tex. 577, 585–86, 169 S.W.2d 478, 482 (1943). In the arguments supporting her point of error, Wife makes the following pertinent argument:

As reflected on Movant's Exhibit No. 6, Appellee's Air Force Retiree Annuitant Account statement, Appellee's gross Air Force Disability Retirement Pay was $2,422.00 in September, 1987.... In fact, Appellee specifically stated at the trial of this matter that such amount was his "gross pay."

The amount Appellee is receiving from the Veteran's Administration is $1,355.00, which is represented as a deduction from Appellee's gross pay on his Air Force Retiree Annuitant Account statement.... From the time of Appellee's election under the Veteran's Administration Plan, Appellee has paid to Appellant 25% of his net pay as reflected in Movant's Exhibit No. 6 in lieu of 25% of his gross pay as required by the Decree of Divorce, Agreement Incident to Divorce, and the Agreed Order on Motion For Contempt, Motion for Enforcement and Motion to Compel.

\* \* \* \* \* \*

Appellant is entitled to judgment against Respondent as reflected in Movant's Exhibit No. 7 for the amounts due and owing at the time of trial. *Perkins v. Perkins,* 690 S.W.2d 706 (Tex.App.—El Paso 1985, no writ [Writ Den. N.R.E.]). Appellant respectfully requests this Court to render judgment for same. Additionally, Appellant requests this Court to render judgment that she is entitled to receive twenty-five percent of Appellee's Air Force Disability Retirement Pay computed on the gross amount thereof before any deductions, including the deduction for Appellee's Veteran's Administration benefits.

(Omitting citations to record.) After a thorough examination of Wife's arguments, we conclude that Wife is asserting that Husband, as a matter of law, failed to pay her twenty-five percent of his *gross* Air Force disability retirement pay. We interpret this as a challenge to the trial court's finding of fact to the contrary.

■ Additionally, we read Wife's arguments as claiming that the trial court erred

---

2. We find nothing in the record which defines A.L.M.T.

in its conclusion of law number four, which states:

> Respondent's continued payments to movant of twenty-five percent of the Air Force disability which he was receiving, after respondent's election to receive Veterans Administration benefits instead of Air Force disability pay, was in compliance with the divorce decree between the two parties, and consequently, respondent was not in contempt of any court orders or decrees, nor was respondent liable to movant for any enforcement of said orders or decrees.

Based on a liberal interpretation of Wife's point of error, we conclude that Wife has challenged both the trial court's finding of fact number three and conclusion of law number four. We conclude that the trial court did not err in reaching its fourth conclusion of law as set out above. As a matter of law, we hold that Husband paid Wife twenty-five percent of his Air Force disability retirement pay. Consequently, we affirm the trial court's order.

At the hearing, Wife introduced one of Husband's Air Force Retiree Annuitant Account Statements that revealed that the gross amount of Husband's Air Force disability retirement pay did not change when he elected to receive VA benefits. In fact, the statement reads as follows:

| AIR FORCE RETIREE ANNUITANT ACCOUNT STATEMENT | | | | |
|---|---|---|---|---|
| PAY/DED | PRIOR | | CURRENT | SSN          PAY DUE AS OF |
| GROSS PAY | 2422 | 00 | 2422 | 00 | [number]      01 SEP 87 |
| DEDT'NS | | | | | |
| VA | | | 1355 | 00 | TAX STATUS DISABILITY-EXEMPT |
| ALMT | 9 | 00 | 9 | 00 | ALMT          9.00 |
| | | | | | |
| | | | | | CUMULATIVE YEAR TO DATE TOTALS |
| ADJSTMT'S | | | | | |
| NET PAY | 2413 | 00 | 1058 | 00 | VA CHANGE |
| TAX INCOME | | | | | |

| CORRESPONDENCE ADDRESS | PAY SENT TO |
|---|---|
| EUGENE BERRY [address] | [bank] [address] |
| | [Account Number] |

As the statement clearly indicates, Husband received *gross* pay in the amount of $2,422 with a VA waiver of $1,355 and an A.L.M.T. reduction of $9. After subtracting this waiver and reduction, Husband was left with a *net* pay of $1,058.

■ Wife argues that: (1) as a matter of law, Husband did not pay Wife twenty-five percent of his *gross* Air Force disability retirement pay, and (2) the trial court erred in reaching the conclusion of law that Husband complied with the divorce decree, court orders, and all other decrees by paying Wife twenty-five percent of his Air Force disability retirement pay.[3]

---

**3.** In Wife's response to the second motion for rehearing, for the first time she asserts the doctrine of res judicata. Res judicata is an affirmative defense which must be affirmatively pled under rule 94 of the Texas Rules of Civil Procedure so as to give Husband notice of defensive issues to be tried. Because Wife raises the issue of res judicata for the first time on appeal, in her response to Husband's second motion for rehearing, we cannot give effect to such defense. *See* TEX.R.CIV.P. 94. We note that Husband, in a footnote in his second motion for rehearing, states that in the future he will pursue, in the trial court, his contention that, post-*Mansell*, none of the disability pay he is receiving is properly divisible. This question is not before

We note that the issue raised in Wife's sole point of error has recently been decided in *Mansell v. Mansell*, — U.S. —, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). In *Mansell*, the United States Supreme Court answered the question whether state courts "may treat, as property divisible upon divorce, military retirement pay waived by the retiree in order to receive veterans' disability benefits." *Mansell*, 109 S.Ct. at 2025. In *Mansell*, the husband received both Air Force retirement pay and, pursuant to a waiver of a portion of that pay, disability benefits. At the time of their divorce the husband and wife entered into a property settlement which provided, in part, that the husband would pay the wife fifty percent of his total military retirement pay, including that portion of retirement pay waived so that the husband could receive disability benefits. The husband subsequently requested the court to modify the divorce decree by removing the provision that required him to share his total retirement pay with the wife. The husband argued that federal law pre-empted state law regarding all forms of military retirement pay and that the Uniformed Services Former Spouses' Protection Act (the "Act") did not exempt his disability benefits from federal preemption. *See* 10 U.S.C.S. § 1408 (1986 & 1989 Supp.).

*Mansell* held that although the Act had been passed to modify the federal preemption rule set forth in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), it nevertheless did not restore authority to the States to determine questions of divisibility as to *all* types of military retirement pay. The Court concluded that the Act only granted state courts discretion to divide "disposable retired or retainer pay." *See* 10 U.S.C.S. § 1408 (1986 & 1989 Supp.). The Court noted that the term "disposable retired or retainer pay" expressly excludes from its scope retirement pay waived in order to receive disability benefits. *Mansell*, 109 S.Ct. at 2026; *see* 10 U.S.C.S. § 1408(a)(4)(B) (1986 & 1989 Supp.).[4] Thus, under the Act's plain and precise language, state courts have been granted only the authority to treat *disposable* retired pay as community property; they have *not* been granted the authority to treat *total* retired pay as community property. *Id.* at 2028.

Here, Husband applied for and was granted VA disability benefits and waived a like portion of his Air Force disability retirement pay. The question before us is whether the trial court erred in reaching the conclusion that Husband complied with the divorce decree, court orders, and all other decrees by paying wife twenty-five percent of his Air Force disability retirement pay, or twenty-five percent of $1,058. In light of the Supreme Court's decision in *Mansell*, we conclude that the trial court did not err in determining, as a matter of law, that Husband complied with the divorce decree by paying Wife twenty-five percent of the amount of his Air Force disability retirement pay, or twenty-five percent of $1,058, and that Husband was not in contempt of any court orders or decrees.[5]

Because of our disposition of Wife's enforcement claims, it follows that her alternative claim of entitlement to liquidated damages in the amount of $100,000 must be overruled.

While we recognize the inequities that might arise from this decision,[6] we hold

---

us; consequently, our conclusion that we cannot give effect to the Wife's defense of res judicata is limited to the question before us on this appeal.

4. Section 1408(a)(4)(B) excludes "amounts waived in order to receive compensation under title 5 or title 38." Title 38 covers persons who served in the active military, naval, or air service and who were discharged or released therefrom under conditions other than dishonorable. It provides for pay for disability which occurs

either while the member is serving or when the disability manifests itself after completion of military service. 38 U.S.C.S. §§ 101 et seq. (1986 & 1989 Supp.).

5. As previously stated, we find nothing in the record which defines A.L.M.T. Thus, we conclude that Wife, the movant, failed to meet her burden of proving that the A.L.M.T. was a "deduction" as contemplated in the agreement incident to divorce and in the divorce decree.

that the Act does not grant state courts the power to treat, as property divisible upon divorce, military retirement pay that has been waived to receive VA disability benefits. Accordingly, Wife's sole point of error is overruled. We affirm the order of the trial court.

**6.** *See Mansell,* 109 S.Ct. at 2031; *see also Mansell,* 109 S.Ct. at 2032 *passim* (O'Connor, J., dissenting).