**Bonita E. BERRY, Petitioner,**

v.

**Eugene BERRY, Respondent.**

**No. C–9439.**

Supreme Court of Texas.

March 28, 1990.

Rehearing Overruled May 2, 1990.

Katherine A. Kinser, Buddy Luce, Brian L. Webb, Dallas, for petitioner.

David K. Watsky, John W. Lodewick, Dallas, for respondent.

**PER CURIAM.**

The issue in this case is whether a federal law barring allocation of Veterans Administration disability benefits in a state court divorce proceeding applies retroactively to a Texas divorce decree that was final prior to that law's enactment. The trial court, by refusing to enforce the final divorce decree with respect to Veterans Administration disability benefits, gave the federal law retroactive effect. The court of appeals affirmed. Because the court of appeals' opinion conflicts with prior decisions of this court, we grant the application

for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals.

Bonita and Eugene Berry were divorced on February 14, 1980. The divorce decree ordered Eugene to pay Bonita 25% of the gross amount of his Air Force disability retirement pay, which Eugene had elected to receive in lieu of military retirement benefits. On June 8, 1987, the trial court found that Eugene had failed to pay the ordered amount and mandated payment pursuant to an agreed order on contempt and enforcement motions. On September 1, 1987, Eugene changed the composition of his benefits by waiving a portion of the Air Force disability pay in exchange for similar benefits from the Veterans Administration. Prior to this election, Eugene received gross pay of $2,422 per month from the Air Force. After the election, this amount was reduced to $1,067,[1] with Eugene receiving an additional payment from the Veterans Administration in the amount of $1,355. Eugene altered his payments to Bonita to a percentage of only the reduced amount received from the Air Force. On February 2, 1988, Bonita filed a motion to enforce the prior order. The trial court overruled both this motion and Bonita's subsequent motion for new trial.

The court of appeals initially reversed the judgment of the trial court, directing that court to enforce the prior order. The court of appeals later granted Eugene's second motion for rehearing and affirmed the trial court. 780 S.W.2d 846. The court relied upon *Mansell v. Mansell,* — U.S. ——, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), in holding that the Uniformed Services Former Spouses' Protection Act (USFSPA),[2] enacted on September 8, 1982, barred state courts from treating, as property divisible upon divorce, military retirement pay that has been waived to receive Veterans Administration disability benefits. The court of appeals apparently determined that retroactive application of the USFSPA to a final divorce decree was required because *Mansell* permitted modification of a property settlement that had become final prior to the statute's enactment. The court of appeals failed to observe that the result in *Mansell* was based on a determination by the California Court of Appeals that it was appropriate, under California law, to reopen the final settlement order. 109 S.Ct. at 2027 n. 5. *Mansell* does not dictate a similar result under Texas law. The Supreme Court explicitly left the question of retroactive application of the USFSPA to state courts. *Id.*

This court has held that, as with other final, unappealed judgments which are regular upon their face, divorce judgments are not vulnerable to collateral attack. *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980). Although a final judgment may be erroneous or voidable, it is not void and thus subject to collateral attack if the court had jurisdiction of the parties and the subject matter. *Humble Oil & Refining Co. v. Fisher,* 152 Tex. 29, 253 S.W.2d 656, 661 (1952); *Martin v. Sheppard,* 145 Tex. 639, 201 S.W.2d 810, 812 (1947); *Clayton v. Hurt,* 88 Tex. 595, 32 S.W. 876 (1895). *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Because the final judgment is voidable as opposed to void, the rule of res judicata would apply. *Segrest v. Segrest,* 649 S.W.2d 610, 613 (Tex.1983). Under these cases, the subsequent adoption of the USFSPA cannot be used to collaterally attack the Berrys' final divorce decree.[3]

---

1. Eugene's election to waive his Air Force disability benefits to receive Veterans Administration disability benefits had no effect on the amount of gross pay he received from the Air Force each month. Both prior to and after the election, his gross pay totaled $2,422 per month. After the election, Mr. Berry's pay stub did reflect an additional monthly deduction from his *gross* pay of $1,355 for the Veterans Administration waiver.

2. 10 U.S.C.A. § 1408 (1986 & 1989 Supp.).

3. The court of appeals, in a footnote to its opinion, stated that Bonita had failed to preserve the issue of res judicata by failing to plead it as an affirmative defense in the trial court. 780 S.W.2d 849 n. 3. Rule 94, Tex.R.Civ.P., only requires that res judicata be pleaded *in response* to a preceding pleading. Eugene filed general denials in the trial court, which did not put Bonita on notice of his attempt to attack collat-

Because the court of appeals' opinion conflicts with the foregoing decisions of this court, we grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to the trial court for proceedings consistent with this opinion. *See* Tex.R.App.P. 133(b).

erally their final divorce decree. Consequently, Bonita had no obligation to plead res judicata as