Opinion issued August 3, 2006









 









In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00178-CV
__________
 
MICHAEL ALLEN BAKER, Appellant
 
V.
 
KAREN RUTH DONOVAN, Appellee
 

 
 
On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 1987-34019
 

 
 
CONCURRING OPINION ON REHEARING
          Appellant, Michael Allen Baker, challenges the trial court’s order granting
relief to his ex-wife, appellee, Karen Ruth Donovan, on her Petition for Enforcement
and Clarification of their 1987 divorce decree. In the decree, the trial court awarded
Donovan “50% of [Baker]’s present accrued benefit as of the date of this decree, in
the U.S. Military Retirement System, if, as, and when payable or paid to or for
Respondent, MICHAEL ALLEN BAKER.” In his sole issue, Baker contends that the
trial court erred in characterizing his Veteran’s Administration (“VA”) disability pay
as community property and awarding Donovan half of it. He contends that veterans’
disability benefits are not community property divisible upon divorce, but rather
separate property under the Uniformed Services Former Spouses’ Protection Act
(USFSPA) and Supreme Court authority. See 10 U.S.C. § 1408 (2000); Mansell v.
Mansell, 490 U.S. 581, 594–95, 109 S. Ct. 2023, 2032 (1989) (holding that “the
Former Spouses’ Protection Act does not grant state courts the power to treat as
property divisible upon divorce military retirement pay that has been waived to
receive veterans’ disability benefits”). Thus, he contends, the trial court erred by
failing to reduce the amount of his military benefits awarded to Donovan by the
amount of the disability benefits he elected to receive in lieu of retirement benefits.
          The majority correctly points out that the relief Baker seeks—characterization
of a portion of his military benefits as his separate property and recalculation of the
property settlement in the 1987 divorce decree—can only be considered upon the
timely filing of a motion to modify the decree and that Baker, having failed to timely
challenge the incorrect division of property in the divorce decree through appeal
cannot attack it by a “motion for clarification.” However, this Court’s holding
requires more of an explanation than the majority accords it.
          In Berry v. Berry, the Supreme Court of Texas considered whether Mansell
permitted modification of a property settlement that had become final prior to the
enactment of the USFSPA. 786 S.W.2d 672 (Tex. 1990). The court held that
although divorce judgments that are regular on their face may be erroneous or
voidable, they are not subject to collateral attack. Id. at 673. Thus, “the subsequent
adoption of the USFSPA [could] not be used to collaterally attack the Berrys’ final
divorce decree.” Id. Subsequently, the Austin Court of Appeals held that a judgment
that awarded a former wife a portion of her former husband’s military pension
benefits gave her a vested right in that portion, and thus the doctrine of res judicata
barred him from reopening the issue of whether she possessed that right. Trahan v.
Trahan, 894 S.W.2d 113, 117–18 (Tex. App.—Austin 1995, writ denied). The court
pointed out that private rights that have become vested under a judgment cannot be
taken away by a subsequent legislative act without compensation. Id. at 118. It
reaffirmed earlier Texas holdings that “military retire[ment] pay is subject to division
upon divorce as a vested community property right even if the present right to the pay
had not fully matured” at the time of the divorce. Id. at 119; see also Taggart v.
Taggart, 552 S.W.2d 422, 423 (Tex. 1977); Brannon v. Randmaa, 736 S.W.2d 175,
177 (Tex. App.—Austin 1987, writ denied). Thus, an amendment to the USFSPA
that intended to make the USFSPA retroactive to divorces occurring before June 25,
1981 had no effect to alter a divorce decree; rather, it was prohibited from doing so
by article I, section 16, of the Texas Constitution, which prohibits retroactive laws. 
See Trahan, 894 S.W.2d at 118. 
          Here, likewise, Donovan’s 50% interest in Baker’s military retirement benefits
became a vested right in the final divorce decree that issued in 1987. Even though
the trial court improperly awarded Donovan benefits that, by statute, were Baker’s
separate property, Baker did not timely complain. Under Berry and its progeny, the
division of property in the divorce decree is res judicata, and the property may not
now be reapportioned. See Berry, 786 S.W.2d at 673; Trahan, 894 S.W.2d at 119;
Jones v. Jones, 900 S.W.2d 786, 787–88 (Tex. App.—San Antonio 1995, writ denied)
(holding that res judicata barred former husband’s collateral attack on final
unappealed divorce decree entitling former wife to portion of military retirement pay
when husband argued that disability benefits he accepted in lieu of retirement benefits
were not subject to division). I, therefore, concur with the majority that the judgment
of the trial court should be affirmed.
 





                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Justice Keyes, concurring.