**Doris J. HAGEN, Appellant,**

v.

**Raoul HAGEN, Appellee.**

**No. 04–06–00705–CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 1, 2007.

Rehearing Overruled Nov. 5, 2007.

Gary A. Beahm, Gary A. Beahm, P.C., San Antonio, for appellant.

Ryan G. Anderson, McClenahan, Anderson & Stryker, P.L.L.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## MEMORANDUM OPINION

Opinion by CATHERINE STONE, Justice.

Doris Hagen appeals the trial court's judgment that allowed her former husband, Raoul Hagen, to retroactively apply the Uniformed Services Former Spouses' Protection Act to collaterally attack their divorce decree. We hold that under Texas law, res judicata bars Raoul's collateral attack and we thus reverse the judgment.

### BACKGROUND

This appeal concerns a divorce decree between Doris Hagen and Raoul Hagen. Raoul is retired from the United States Army and Doris is his former spouse. The parties were divorced in 1976 and the divorce decree awarded Doris:

One-half of 18/20ths of all Army Retirement Pay or Military Retirement Pay, IF, AS, AND WHEN RECEIVED, and the Petitioner RAOUL HAGEN shall be a Trustee of the One-half of 18/20ths of all Army Retirement Pay or Military Retirement Pay, for the use and benefit of DORIS J. HAGEN, and shall pay the same immediately upon each receipt of the same, to DORIS J. HAGEN.

Raoul retired on September 30, 1992, and his total monthly retirement compensation at that time was United States Army retirement pay and did not include any disability pay. In 2003, Raoul was determined to be 40% disabled by the Veterans Administration (VA); based on his disability, Raoul elected to convert 40% of his Army retirement pay to VA disability pay. Thereafter, Raoul received monthly compensation of 40% VA disability benefits and 60% Army retirement pay, with the divorce decree formula applied only to the Army retirement pay. Doris asserted that Raoul failed to pay her the share of his retirement pay awarded to her in the divorce decree. She requested clarification of the decree to determine whether Raoul had paid her as required by the decree. The trial court determined that the divorce decree required clarification regarding the division of the retirement pay. The trial court clarified the decree as follows:

IT IS ORDERED that the military retirement pay now being received by RAOUL HAGEN shall be divided according to the formula stated in the Original Decree of Divorce. The amount subject to this formula for division shall not include the amount awarded to RAOUL HAGEN as disability pay.

Doris appeals this clarification, arguing that the trial court erred in not dividing or awarding her a portion of Raoul's disability pay and in doing so, made an impermis-

sible modification of a final, non-appealable divorce decree.

## DISCUSSION

In *Mansell v. Mansell,* the United States Supreme Court held that the Uniformed Services Former Spouses' Protection Act (USFSPA) gave state courts the authority to treat disposable retirement pay as community property and expressly excluded veteran's disability pay from the definition of disposable retirement pay, thereby preempting state courts from including disability pay in any community property award. 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). However, the question of retroactive application of the USFSPA was left open for state courts to determine under existing state law. *Id.* at 586 n. 5, 109 S.Ct. 2023. While the Court allowed retroactive application of the USFSPA in *Mansell,* it based its decision on the California Court of Appeals' prior determination that the retroactive application was appropriate under California law. *Id.* Unlike California, however, courts in Texas have held that under Texas law, res judicata bars a collateral attack on a final divorce decree. *Berry v. Berry,* 786 S.W.2d 672, 673 (Tex.1990). The Texas Supreme Court has held that divorce judgments are not vulnerable to collateral attack and has stated that "although a final judgment may be erroneous or voidable, it is not void and thus subject to collateral attack if the court had jurisdiction of the parties and the subject matter." *Id.*

This court has previously used the *Berry* court's analysis when considering issues similar to the one presently before us. *See Jones v. Jones,* 900 S.W.2d 786, 787 (Tex. App.-San Antonio 1995, writ denied) (holding that the subsequent adoption of the USFSPA could not be used to collaterally attack the Jones' final divorce decree). When the parties in *Berry* divorced in 1980, the court entered an order granting the wife twenty-five percent of the gross amount of her husband's Air Force disability retirement pay, which the husband had elected to receive in lieu of military retirement benefits. *Berry,* 786 S.W.2d at 673. On June 8, 1987, as a result of a contempt action filed by the wife to enforce the decree, the trial court mandated payment pursuant to an agreed order. *Id.* On September 1, 1987, the husband elected to receive disability benefits from the Veterans Administration, thus waiving a portion of his Air Force disability pay and reducing the total amount he received from the Air Force. *Id.* The wife filed a motion to enforce the prior order when the husband reduced the amount he was paying her by the same percentage he was then receiving from the Veterans Administration. *Id.* When conducting its analysis, the Texas Supreme Court recognized that the *Mansell* court explicitly left the question of retroactive application of the USFSPA to state courts and permitted the retroactive application of the USFSPA only because the California Court of Appeals determined it was appropriate. *Id.* The *Berry* court recognized that any attempt to collaterally attack a final divorce decree under the same circumstances is barred by res judicata under Texas law and thus the subsequent adoption of the USFSPA could not be used to collaterally attack the Berrys' final divorce decree. *Id.*

In the absence of findings of fact and conclusions of law, the trial court's judgment will be upheld on any legal theory that finds support in the evidence of the law. *Jones,* 900 S.W.2d at 787. Here we have no findings of fact or conclusions of law, but current Texas law does not support the trial court's judgment concerning a final unappealed divorce decree collaterally attacked by Raoul in response to Doris' motion to enforce the decree. Under Texas law, res judicata bars this collateral

attack, and the trial court's judgment must be reversed under this legal theory. *See Berry,* 786 S.W.2d at 673; *Baker v. Donovan,* 199 S.W.3d 577, 580 (Tex.App.-Houston [1st Dist.] 2006, pet. denied); *Jones,* 900 S.W.2d at 788.

CONCLUSION

Res judicata bars a collateral attack on a final divorce decree and thus the USFSPA cannot be used retroactively to collaterally attack the Hagen's divorce decree. Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.