

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00481-CR

| | | |
|---|---|---|
| Prudencio Mandez Ortiz | § | From the 371st District Court |
| | § | of Tarrant County (0585532D) |
| v. | § | January 31, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00481-CR

PRUDENCIO MANDEZ ORTIZ                    APPELLANT

V.

THE STATE OF TEXAS                              STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction and Background

Appellant Prudencio Mandez Ortiz appeals the trial court's judgment adjudicating his guilt and sentencing him to fifteen years in prison for the offense of indecency with a child by contact, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d) (West 2011). The applicable punishment range is two to twenty years' confinement. *See id.* § 12.33(a) (West 2011). In his sole

---

[1]*See* Tex. R. App. P. 47.4.

issue, Appellant contends that his fifteen-year sentence is grossly disproportionate to the facts of the probationary violations and violates constitutional prohibitions against cruel and unusual punishment.  We affirm.

## II. Discussion

Appellant contends that his sentence constitutes an abuse of the trial court's discretion because it is excessive given the facts surrounding his allegedly technical violations of the terms of his community supervision, his advanced age, and his medical conditions.  Appellant did not, however, object to his sentence when it was imposed or complain about the length of his sentence in a motion for new trial.  *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) (holding complaint not preserved on appeal because appellant did not object to sentence when imposed or present motion for new trial raising that argument to trial court); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding failure to object to sentence at time of imposition or complain of sentence in motion for new trial does not preserve complaint for appellate review); *Washington v. State*, 271 S.W.3d 755, 756 (Tex. App.—Fort Worth 2008, pet. ref'd) (mem. op.) (holding disproportionate sentence complaint not preserved because appellant did not present his motion for new trial to trial court).  Because Appellant did not object to his sentence when it was imposed or file and present a motion for new trial to the trial court raising his contention, he failed to preserve his sentencing complaint for appellate review. *See* Tex. R. App. P. 21.6, 33.1(a); *Means*, 347 S.W.3d at 874; *Kim*, 283 S.W.3d

2

at 475; *Washington*, 271 S.W.3d at 756.  We therefore overrule Appellant's sole issue.  *See Kim*, 283 S.W.3d at 475–76.

### III.  Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 31, 2013