

NUMBER 13-13-00485-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROGER AREVALO,                                             Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

**On appeal from the 377th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Roger Arevalo challenges his sentence of seven years'

imprisonment for felony driving while intoxicated (DWI).  *See* TEX. PENAL CODE ANN.

§ 49.04 (West Supp. 2013), § 49.09(b)(2) (West 2011).  We affirm.

## I. BACKGROUND

In September of 2010, the State indicted appellant for one count of DWI (subsequent offense), *see id.* § 49.04, and one count of possession of a controlled substance in penalty group one in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). The State dismissed the possession charge, and appellant pleaded guilty to the DWI charge. The trial court sentenced appellant to ten years' imprisonment, suspended the sentence, and placed appellant on community supervision for a term of five years with a non-probated fine of $1,500.

The State filed a motion to revoke appellant's community supervision in June of 2013, alleging that appellant violated multiple terms of his supervision. Appellant pleaded "true" to four of the State's grounds. Specifically, appellant pleaded "true" to the State's allegations that he committed the offense of burglary, a new DWI offense, and that he failed to stay away from places where alcohol was served and did not keep his curfew. The trial court found that all of the State's alleged grounds were true, revoked appellant's community supervision, and imposed a sentence of seven years' confinement in the Texas Department of Criminal Justice—Institutional Division. The trial court also ordered that appellant receive drug and alcohol treatment while in prison. This appeal followed.

## II. DISCUSSION

By one issue, appellant argues that his sentence of seven years' confinement "is cruel and unusual punishment in light of the mitigating evidence presented by Appellant at trial." However, "[i]t is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention." *Kim v. State*, 283 S.W.3d

2

473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing TEX. R. APP. P. 33.1). This applies even to most constitutional claims. *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd). In order to preserve a complaint that a sentence is disproportionate to the severity of the offense, it is necessary to either make a timely and specific objection in the trial court or to raise the issue in a motion for new trial. TEX. R. APP. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd); *Trevino*, 174 S.W.3d at 927–28. Appellant did not file a motion for new trial or any other post-verdict motion, and he does not direct us to any point in the revocation hearing where he objected to the sentence. Therefore, appellant has failed to preserve this issue for our review. *See Rhoades*, 934 S.W.2d at 120; *Sample*, 405 S.W.3d at 303–04; *Trevino*, 174 S.W.3d at 927–28.

Accordingly, we overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of January, 2014.