

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00037-CV

TRINE KRISTIANSEN TOME                                APPELLANT

V.

STEPHEN TOME                                           APPELLEE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from an "Order On Petition For Enforcement Of Spousal Maintenance." In a single issue, Appellant Trine Kristiansen Tome argues that the trial court erred by finding that the award of spousal maintenance in the final decree of divorce was void. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Trine and Appellee Stephen Tome signed an agreed final decree of divorce in 2006, and the trial court subsequently approved the agreements of the parties and also signed the agreed decree. Six years later, Trine filed a "Petition For Enforcement Of Spousal Maintenance And Order To Appear," attempting to enforce by contempt portions of the decree. The portions of the decree that Trine sought to enforce categorized certain payments owed by Stephen to Trine as "maintenance," including one payment of $60,000 to pay off a vendors' lien note in that amount and one payment to pay off the balance of $113,200 owed on a promissory note executed by Trine and Stephen to purchase their home.

At the hearing on Trine's motion to enforce the decree's two spousal maintenance awards by contempt, Stephen argued that when the trial court signed the divorce decree, it did not have jurisdiction to order spousal maintenance to be paid in two lump sums. Trine ultimately conceded that the trial court did not have authority to order spousal maintenance "as it was ordered" in the divorce decree. Stephen admitted that the decree's two spousal maintenance awards were nonetheless enforceable as debts and that he could be held liable for $183,500 in unpaid debts and interest to Trine. The trial court signed an order finding that it did not have jurisdiction to award spousal maintenance as set forth in the divorce decree and denying Trine's request to

hold Stephen in contempt, but the trial court nonetheless awarded Trine a cumulative money judgment of $183,500 and $6,189.75 in attorney's fees.[2]

Trine perfected this appeal, claiming in her sole issue that "the trial court erred in finding maintenance orders void in a final decree in a subsequent collateral challenge." Trine argues that the issue is whether the provisions of the original divorce decree awarding spousal maintenance are void or voidable.

"Jurisdiction" refers to a court's authority to adjudicate a case. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (citing *Dubai Petroleum Co. v. Kazi*, 12

---

[2]The trial court's order provides, in pertinent part:

*Contempt Enforcement Denied*

The Court considered the pleadings and orders on file, the argument of counsel and the authorities submitted. The Court finds it did not have jurisdiction to award the maintenance as set out in the Agreed Final Decree of Divorce signed August 24, 2006 in the manner and in the amount set out therein. IT IS THEREFORE ORDERED that the contempt relief sought by Movant to enforce that maintenance is denied.

*Money Judgment Stipulated*

The Court finds the parties have stipulated Movant is however entitled to a cumulative money judgment. The Court approves the stipulation of the parties and IT IS THEREFORE ORDERED that Respondent owes a cumulative money judgment of $60,000 plus interest of $25,200 from the date of the Agreed Decree of Divorce and an additional $98,300 from the date of the Agreed Decree of Divorce for his failure to make mortgage payments. The Court therefore grants a money judgment in favor of Petitioner, Trine Kristiansen Tome against Respondent, Stephen Tome in the total amount of $183,500.00 together with interest thereon at the rate of 5% per annum from November 4, 2013 until paid in full.

3

S.W.3d 71, 75 (Tex. 2000)). In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter, the judgment is not void. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Errors other than lack of jurisdiction, such as "a court's action contrary to a statute or statutory equivalent," merely render the judgment voidable and may be corrected only through a direct appeal. *Reiss*, 118 S.W.3d at 443. When a divorce judgment is not appealed and appears regular on its face, the judgment will not be subject to a collateral attack in a subsequent suit. *Berry v. Berry*, 786 S.W.2d 672, 673 (Tex. 1990).

Here, neither party challenges the trial court's jurisdiction over the parties or the subject matter. The trial court therefore had jurisdiction to award spousal maintenance, and thus the spousal maintenance awards are not void. The trial court's spousal maintenance awards ordering Stephen to make two lump-sum payments totaling $173,200, do, however, exceed the statutory provisions that governed spousal maintenance awards in 2006. *See* Tex. Fam. Code Ann. § 8.001(1) (West 2006) (defining "maintenance" as an award of *periodic payments* from the future income of one spouse for the support of the other spouse); *see also* Act of May 22, 2001, 77th Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1577 (amended 2011) (current version at Tex. Fam. Code Ann. § 8.055(a) (West Supp. 2014)) (stating that court may not order maintenance that requires an obligor to pay monthly more than the lesser of $5,000 or twenty percent of the spouse's average monthly income). Because the amount and the

4

terms of payment of the spousal maintenance awards were not authorized by the statutes in effect at the time that the divorce decree was signed, the spousal maintenance awards in the final decree of divorce were voidable but could be corrected through a direct appeal from the divorce decree. *See Reiss*, 118 S.W.3d at 443. No such appeal was taken. And thus Stephen's argument—challenging the trial court's jurisdiction to order spousal maintenance in the 2006 final decree of divorce at the hearing on Trine's motion to enforce—was an impermissible collateral attack on the 2006 final decree of divorce. We therefore hold that the trial court erred by finding that it did not have jurisdiction to award spousal maintenance and thus implicitly finding that the spousal maintenance awards were void.

To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that the error occurred and that it probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court. Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005).

Here, Trine has not articulated any harm that she suffered as a result of the trial court's error. *Cf. Winkle v. Winkle*, 951 S.W.2d 80, 90 (Tex. App.—Corpus Christi 1997, writ denied) (noting that appellant had articulated no particular harm resulting from the trial court's voidable premature order of execution). In fact, Trine would be unable to demonstrate any harm because the trial court, even after erroneously finding that it did not have jurisdiction to award

5

spousal maintenance as set forth in the divorce decree, still enforced both spousal maintenance provisions as debts and awarded Trine a cumulative money judgment, plus attorney's fees, as she had requested in her petition for enforcement.[3] Because Trine has failed to show that she was harmed by the trial court's error, we overrule Trine's sole issue and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DELIVERED: August 14, 2014

---

[3]To the extent that the remand Trine seeks in her appellate brief is for purposes of obtaining a contempt order, the amounts at issue are actually debts, which are not enforceable by contempt. *See* Tex. Const. art. I, § 18 ("No person shall ever be imprisoned for debt."); *In re Dupree*, 118 S.W.3d 911, 914–16 (Tex. App.—Dallas 2003, orig. proceeding) (holding that divorce decree's contractual alimony—which exceeded the statutory provisions for the amount, duration, and termination of spousal maintenance—was considered a contract and was not an agreement for spousal maintenance; therefore, trial court had no authority to enforce contractual alimony obligation by contempt).