**Affirmed and Opinion Filed June 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-00304-CV

---

## WILLIE JAMES HAYNES, II AND BRITA MICHELLE HAYNES A/K/A BRITA MICHELE HAYNES, Appellants
## V.
## PHILIP HAWKES, Appellee

---

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-05083**

---

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

This is an appeal from a no-evidence summary judgment denying an equitable bill of review seeking to set aside a prior default judgment against appellants. Appellants contend the default judgment was void due to pleading defects and, therefore, they were not required to prove the three elements for a bill of review. The trial court granted appellee's no-evidence summary judgment, which challenged each of the elements for a bill of review. We conclude the default judgment is not void and appellants were required but failed to present summary judgment evidence raising a genuine issue of fact on each element for a bill of review. Accordingly, we affirm the trial court's judgment.

BACKGROUND

The underlying proceeding arises out of a property management agreement between Philip Hawkes and Sky Group, LLC. In 2014, Hawkes sued Sky Group, Willie James Haynes, II, and Brita Michelle Haynes, a/k/a Brita Michele Haynes, for breach of contract, breach of fiduciary duty, negligence, and fraud. Hawkes alleged he entered into a property management agreement with Sky Group to manage his real estate properties. He also alleged:

- Sky Group, Willie, and Brita performed services under the agreement, acting as real estate agents for Hawkes. Hawkes alleged each of the defendants owed him a fiduciary duty as his agent.

- Defendants failed to provide a full accounting of money due to him and to turn over documents relating to the properties after he terminated the management agreement.

- Willie and Brita, as agents and as fiduciaries to Hawkes, were personally liable for the obligations owed to Hawkes.

- Willie was personally liable as the result of signing the management agreement in his personal capacity.

- Defendants breached their contractual and fiduciary duties to Hawkes by failing to timely distribute collected rents to him.

- Brita made knowingly false representations to Hawkes about a tenant's failure to pay rent and the initiation of eviction proceedings against the tenant. These representations were intended to "defraud" Hawkes into believing he was not entitled to receive rents that were due to him.

Hawkes alleged the defendants breached the terms of the contract, breached their fiduciary duties, and were negligent, by failing to timely deliver a full accounting of all funds, any funds held by defendants relating to the properties, and all records in their possession relating to the properties. These breaches caused damages in the amount of $9,680. In addition, Hawkes alleged the defendants knowingly made false statements to him with the intent to induce him to continue using them to manage his properties, that Hawkes relied on the false statements to his detriment, and the fraud caused damages in the amount of $9,680. Hawkes requested attorney's fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 for breach of contract.

The trial court rendered a default judgment against appellants on December 8, 2014. They

did not file a motion for new trial, direct appeal, or restricted appeal following the judgment. Instead, over a year after the default judgment, appellants filed a petition for bill of review in the trial court seeking to overturn the default judgment.

In their petition for bill of review, Appellants alleged that the default judgment was void because Hawkes's petition did not allege a cause of action against them individually. Several months later, Hawkes moved for a no-evidence summary judgment and challenged the evidence on each element of an equitable bill of review claim. Appellants responded by arguing they were not required to prove the elements of a bill of review because the default judgment was void. Specifically, they asserted Hawkes's pleading did not allege a contract between Hawkes and the appellants, the pleading showed the economic loss rule barred Hawkes's tort claims, and terms of the contract barred an action for negligence. Appellants also moved for a traditional summary judgment on the ground that the default judgment was void and they were not required to prove the elements of a bill of review. The trial court granted Hawkes's no-evidence motion for summary judgment, denied appellants' motion for summary judgment, and denied the petition for bill of review.

Appellants raise three issues on appeal arguing that the trial court erred by granting summary judgment because: (1) the pleadings did not support the default judgment, rendering it void; (2) the pleadings in the default judgment case show Hawkes's tort claims are barred by the economic loss rule; and (3) the contract included in Hawkes's pleading expressly barred an action for negligence.

## STANDARD OF REVIEW

We review the grant of summary judgment de novo. *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). A party moving for no-evidence summary judgment must challenge specific elements of the opponent's claim or defense on which the opponent will

have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Once a party moves for no-evidence summary judgment, the court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). Thus, to defeat a no-evidence motion for summary judgment, the nonmovant is required to produce more than a scintilla of probative evidence raising a genuine issue of material fact on each challenged element of its claim. *See Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

## ANALYSIS

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal. *Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). The bill-of-review petitioner must generally plead and prove (1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751–52 (Tex. 2003). But "when a bill-of-review plaintiff claims a due process violation for no service [of process] or notice [of a default judgment], it is relieved of proving the first two elements" and must only prove that its own fault or negligence did not contribute to cause the lack of service or notice. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (quoting *Mabon Ltd.*, 369 S.W.3d at 812).

Hawkes's no-evidence motion for summary judgment challenged each of the elements required for a bill of review. In response, appellants argued they were not required to prove the elements for a bill of review because the default judgment is void.

A litigant may attack a void judgment directly or collaterally, whereas a voidable judgment

–4–

may only be attacked directly. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition. *Id.* A void judgment may be collaterally attacked at any time. *Id.* at 272. A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005).

Thus, a party may successfully challenge a void judgment without following the procedures required for a direct attack. *See PNS Stores*, 379 S.W.3d at 272. If appellants establish that the default judgment is void, rather than voidable, they would not be required to prove the elements for a bill of review. *See id.* When a party claims a judgment is void, "the first inquiry should necessarily be whether the alleged defect renders the judgment void or merely voidable." *Id.* at n.8.

"A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning*, 165 S.W.3d at 346 (internal quotation omitted); *see also PNS Stores*, 379 S.W.3d at 272; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003); *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam). Errors other than lack of jurisdiction render the judgment merely voidable. *Reiss*, 118 S.W.3d at 443; *see Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding) (per curiam).

Appellants do not question the trial court's jurisdiction over the parties or the subject matter, or its capacity to act as a court in the default judgment proceeding. Rather, they contend

that the pleadings do not support the default judgment against them because they are not parties to the contract, the economic loss rule bars any tort claims against them, and the contract bars an action for negligence.

A petition will support a default judgment unless (1) the cause of action pleaded is not within the jurisdiction of the court; (2) the petition fails to give fair notice of the claims being asserted; or (3) the petition shows the claim is invalid. *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). Rule 45 requires a plaintiff to use "plain and concise language" in asserting a cause of action. TEX. R. CIV. P. 45. A plaintiff's petition must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). The purpose of fair notice pleading is to provide the defendant with sufficient information to determine "the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). In determining whether a pleading is adequate, we examine whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy. *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.).

The petition in the underlying proceeding alleged that appellants acted as real estate agents for Hawkes and owed him a fiduciary duty. It also alleged appellants breached that duty by failing to provide an accounting and deliver funds and records to Hawkes, and the breach caused Hawkes's damages. The petition further alleged that Brita knowingly made false representations to Hawkes on which he relied to his detriment and suffered damages. We conclude the petition was sufficient to give fair notice of "the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low*, 221 S.W.3d at 612; *see also Muhr*, 749 S.W.2d at 495 (concluding allegations of agency relationship gave fair notice of claim against party who was not named in invoices); *Edwards Feed Mill, Inc. v. Johnson*, 311 S.W.2d 232, 234–35 (Tex. 1958)

–6–

(holding default judgment rendered against father on promissory note signed by son was not void for lack of pleadings where petition alleged father and son were partners in business for which loan was extended).

Further, there is no dispute that the causes of action pleaded are within the jurisdiction of the district court. *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."). And the petition does not affirmatively show the claims are invalid. The economic loss rule is not generally applicable in every situation. *LAN/STV v. Martin K. Eby Constr. Co., Inc.*, 435 S.W.3d 234, 235–36 (Tex. 2014). There are several exceptions, including claims for breach of fiduciary duty and fraud.[1] *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 n.17–18 (Tex. 2011); *Peterson Grp. v. PLTQ Lotus Grp.*, 417 S.W.3d 46, 62–63 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (economic loss rule did not bar intentional fraud claim because duty to not defraud was independent from obligation to perform contract).

Because the petition gave fair notice of the claims against them individually, appellants have not shown the default judgment was erroneous or void. Nor have they shown the default judgment is otherwise void. The default judgment recites that appellants were properly served with citation, and appellants presented no summary judgment evidence that they were not properly served. Thus, the trial court had jurisdiction over the parties. Further, as a court of general jurisdiction, the district court clearly had subject matter jurisdiction over this suit for breach of contract, breach of fiduciary duty, negligence, and fraud. *See Dubai Petroleum Co. v. Kazi*, 12

---

[1] Because the pleading is sufficient to give fair notice of claims for breach of fiduciary duty and fraud against both appellants, we need not address their complaints regarding the negligence claim.

S.W.3d 71, 75 (Tex. 2000) (all claims are presumed to fall within the subject matter jurisdiction of district court unless otherwise provided by Legislature). Finally, there is no evidence that the district court lacked the capacity to act as a court at the time it rendered the default judgment. *See Cook*, 733 S.W.2d at 140. Appellants failed to establish that the default judgment is void. *PNS Stores*, 379 S.W.3d at 272; *Berry v. Berry,* 786 S.W.2d 672, 673 (Tex.1990) (per curiam) ("Although a final judgment may be erroneous or voidable, it is not void and thus subject to collateral attack if the court had jurisdiction of the parties and the subject matter."). Accordingly, appellants were required to establish all the elements for a bill of review to sustain their attack on the default judgment. *Valdez*, 465 S.W.3d at 226.

Hawkes challenged each element for a bill of review in his no-evidence motion for summary judgment. Thus, appellants were required to present summary judgment evidence raising a genuine issue of material fact on each of those elements.

The third element for a bill of review, lack of fault or negligence, requires a party to show he diligently pursued all adequate legal remedies before bringing the bill of review proceeding. *See Mabon Ltd.*, 369 S.W.3d at 813. While this element is conclusively established if the bill-of-review plaintiff can prove it was never served with process, appellants never claimed or proved they were not properly served with process or notice of the default judgment. A timely motion for new trial or direct appeal from the default judgment were available remedies for appellants to challenge the default judgment. Appellants presented no summary judgment evidence that they were not negligent for failing to pursue these available remedies. *See Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (per curiam) (noting that a bill-of-review plaintiff's failure to seek reinstatement, new trial, or a direct appeal, if available, would normally constitute negligence); *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam) ("If legal remedies were available but ignored, relief by equitable bill of review is unavailable."). Absent summary

judgment evidence raising a fact issue on this challenged element for a bill of review, the trial court properly granted Hawkes's no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i). We overrule all of appellants' issues.

## CONCLUSION

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

170304F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIE JAMES HAYNES, II AND
BRITA MICHELLE HAYNES A/K/A
BRITA MICHELE HAYNES, Appellants

No. 05-17-00304-CV          V.

PHILIP HAWKES, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-05083.
Opinion delivered by Justice Stoddart.
Justices Lang-Miers and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee PHILIP HAWKES recover his costs of this appeal from
appellants WILLIE JAMES HAYNES, II AND BRITA MICHELLE HAYNES A/K/A BRITA
MICHELE HAYNES.

Judgment entered this 27th day of June, 2018.