

# NUMBER 13-19-00313-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOHNNY JOE PLAZOLA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Johnny Joe Plazola appeals from his conviction for possession of a controlled substance, penalty group 2-A, with intent to deliver, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.113(a), (b), .1031. The trial court sentenced Plazola to two years' confinement. *See* TEX. PENAL CODE ANN. § 12.35. By one issue, Plazola contends that the sentence imposed was excessive. We affirm.

## I. BACKGROUND

Pursuant to a plea agreement with the State, Plazola pleaded guilty to the offense. The trial court (1) adjudicated Plazola guilty, (2) imposed a sentence of two years in the state jail, (3) probated the sentence, and (4) placed Plazola on community supervision for five years. Subsequently, the State filed a motion to revoke alleging seven violations of the conditions of community supervision including that Plazola committed the offense of family violence by intentionally, knowingly, and recklessly causing bodily injury to the complainant with whom Plazola had a dating relationship by striking her with a closed fist on the left side of her face. At the revocation hearing, Plazola pleaded "true" to all the State's allegations, and the State recommended that the trial court sentence Plazola to one-year confinement. The trial court found that Plazola had violated the terms and conditions of his community supervision and sentenced him to two years' confinement in state jail. This appeal followed.

## II. DISPROPORTIONATE SENTENCING

By his sole issue, Plazola contends that the punishment assessed by the trial court constituted an excessive sentence. *See* U.S. CONST. amend. VIII, XIV. The State responds that Plazola failed to preserve this issue for appeal. We agree with the State.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id*. amend. VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id*. amend. XIV. This right and every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d

473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to the offense); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (same); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (same); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). To preserve a complaint of improper sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1.

Here, Plazola neither objected when the trial court pronounced the two-year sentence nor complained, in any post-trial motion, that the sentence was disproportionate, excessive, or violated the Eighth Amendment. Therefore, Plazola has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Plazola objected, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928. We overrule Plazola's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of March, 2020.